J-S05005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PAUL FORD | : | |
| | : | |
| Appellant | : | No. 312 WDA 2017 |

Appeal from the Order Entered January 17, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002612-1994

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                     **FILED APRIL 09, 2018**

Appellant, Paul Ford, appeals *pro se* from an order entered on January 13, 2017 in the Criminal Division of the Court of Common Pleas of Allegheny County that dismissed, as untimely, his fifth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

At docket number 2612-1994, the Commonwealth charged Appellant with one count each of criminal homicide (18 Pa.C.S.A. § 2501) and criminal conspiracy (18 Pa.C.S.A. § 903) in connection with the fatal shooting of Maurice Price during a gunpoint robbery. Appellant was 18 years old when this incident occurred. At the conclusion of trial on September 21, 1994, a jury found Appellant guilty of second-degree murder.[1] That same day, the

_____

[1] The Commonwealth withdrew the conspiracy charge immediately prior to trial.

_____

*   Retired Senior Judge assigned to the Superior Court.

trial court imposed the mandatory sentence of life imprisonment without parole. Following a direct appeal, this Court affirmed Appellant's judgment of sentence on March 26, 1997 and our Supreme Court denied further review on December 19, 1997. *See Commonwealth v. Ford*, 695 A.2d 436 (Pa. Super. 1997), *appeal denied*, 705 A.2d 1305 (Pa. 1997). Thereafter, Appellant initiated several unsuccessful attempts at attaining collateral relief in both state and federal court.

On March 23, 2016, Appellant, acting *pro se*, filed the instant petition, his fifth. The PCRA court issued notice of its intent to dismiss the petition without a hearing on December 12, 2016. By order dated January 13, 2017 but entered on the trial court docket on January 17, 2017, the court dismissed Appellant's petition. This appeal followed.[2]

On appeal, Appellant raises the following question for our review.

> Did the PCRA court err in denying Appellant's successive PCRA petition [as untimely] in light of *Montgomery v. Lousiana*, 136 S.Ct. 718 (2016), where he was a juvenile when the crime occurred?

Appellant's Brief at 4 (complete capitalization omitted).

---

[2] Appellant's notice of appeal bears a docket date of February 17, 2017, which exceeds the 30-day appeal period from the PCRA court's dismissal order by one day. *See* Pa.R.A.P. 105(b) and 903(a). However, Appellant, incarcerated and acting *pro se*, dated his notice of appeal and proof of service as having been mailed on January 27, 2017. Thus, it is timely. *See Commonwealth v. Chambers*, 35 A.3d 34 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

Relying on 42 Pa.C.S.A. § 9545(b)(1)(iii) and (2), Appellant asserts on appeal that the PCRA court erred in dismissing his petition as untimely. Specifically, Appellant points out that, in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), the United States Supreme Court held that a sentence of life without the possibility of parole constituted cruel and unusual punishment in violation of the Eighth Amendment when imposed upon a juvenile homicide defendant. Appellant further notes that the Court's decision in *Montgomery* gave *Miller* retroactive application to cases pending on collateral review. Appellant reasons that because he was under 21 years of age at the time of the underlying offense, he is entitled to relief under *Miller*. Lastly, since he filed the instant petition on March 23, 2016, Appellant claims that he satisfied the 60-day filing requirement set forth in 42 Pa.C.S.A. § 9545(b)(2) because *Montgomery* was filed on January 25, 2016.[3]

On appeal from the denial of PCRA relief, this Court determines, "whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012). Here, the PCRA court dismissed Appellant's petition without a hearing on grounds that it was untimely and Appellant could not invoke any exception to the PCRA's time-bar. Because this appeal raises a question of law, our

_____

[3] Using January 25, 2016 as the start date, § 9545(b)(2)'s 60-day period would not expire until March 25, 2016.

standard of review is *de novo* and our scope of review plenary. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. 2012).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]" ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted). No court may address an issue raised in an untimely petition. ***Jones***, 54 A.3d at 17.

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.A. § 9545(b)(1).[4] ***Jones***, 54 A.3d at 16; 42 Pa.C.S.A. § 9545(b)(1).

_____

[4] The three timeliness exceptions under the PCRA are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

"[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

In this case, Appellant does not contest that he filed his petition outside the one-year time limit found in § 9545(b)(1). Instead, he maintains that he properly invoked the timeliness exception found at § 9545(b)(1)(iii) because he was under 21 years of age at the time of the offense (and thus eligible for relief under **Miller**) and filed his petition within 60 days of the United States Supreme Court's decision in **Montgomery**. Contrary to Appellant's claims, however, this Court has held that **Miller** applies only to petitioners who were "under the age of 18 at the time of their crimes" and that petitioners who were older than 18 may not rely on that decision to invoke the time-bar exception in § 9545(b)(1)(iii). **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016). Because the record and pertinent case law confirms that Appellant's petition was untimely and that he was not entitled to invoke an exception to the PCRA's

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The petitioner bears the burden to plead and prove an applicable statutory exception." **Commonwealth v. Hudson**, 156 A.3d 1194, 1197 (Pa. Super. 2017), _appeal denied_, 2017 WL 3614192 (Pa. Aug. 23, 2017).

timeliness requirement, the PCRA court did not err in dismissing Appellant's petition for lack of jurisdiction.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/2018